UNITED STATES CORPORATION BUREAU, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8443.   Promulgated February 18, 1927.

Invested capital *held* to have been properly reduced by an amount representing dividends paid to stockholders impairing the original invested capital.

*John E. Hughes, Esq.*, for the petitioner.
*P. J. Rose, Esq.*, for the respondent.

The petitioner appeals from the determination by the Commissioner of deficiencies of $277.28 and $254.61 in income and profits taxes for 1920 and 1921, respectively. It alleges that the Commissioner erroneously reduced its invested capital.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation with its principal place of business in Chicago. It publishes the National Corporation Reporter, a law publication for circulation among lawyers. It has no plant and its publication is printed under contract.

The petitioner corporation was organized with a capital stock of $34,500, which was paid in by the stockholders in cash. Prior to 1905, all of its stock was owned by two individuals, Rowe and Moses. Moses died in 1905. Thereafter, Rowe each year made payments to Mrs. Moses of what he considered to be one-half of the earnings of the corporation until 1910, when he acquired her stock.

The taxpayer's journal contains, under date of December 31, 1910, the following entry:

Dividends, debit $26,689.43; credit Mathilda W. Moses $13,344.72, Frederick A. Rowe, $13,344.71. Checks that were issued as dividends up to and inclusive of December 31, 1908 representing all earnings up to and *inclusive* of December 31, 1908.

This amount of $26,689.43 was carried upon the books of the petitioner as an asset. The Commissioner computed invested capital for 1920 in the following manner:

| | | |
|---|---:|---:|
| Capital stock | $34,500.00 | |
| Surplus | 9,232.53 | |
| | | $43,732.53 |
| Less: | | |
| (1) Preceding year's tax, $1,943.93, prorated | 818.75 | |
| (2) Dividends, prior years | 26,689.43 | |
| Total deductions | | 27,508.18 |
| Invested capital adjusted | | 16,224.35 |

A similar computation was made for 1921, with the exception that the amounts used were: Surplus, $12,362.79; preceding year's tax prorated, $809.63.

From December 31, 1910, to December 31, 1919, inclusive, the company declared dividends of $64,015.66.

## OPINION.

PHILLIPS: In computing the invested capital of the petitioner the Commissioner has reduced the amount originally paid in for stock by $26,689.43, alleged to be an impairment of the capital stock resulting from dividend payments to the stockholders. Under the name " dividends " this amount was carried upon the books as an asset of the company, although obviously without value. The petitioner's sole witness explained that in 1908 or 1910 the first complete books of the company were set up and that he believes this amount represented operating deficits of prior years which were recorded in this manner to balance the accounts without showing an impairment of the capital. The record, however, does not sustain the conclusion that the amount so entered on the books as dividend payments to the stockholders was an operating deficit for it appears that payments were made annually from 1905 to 1910 to Mrs. Moses, as one of the stockholders. It is difficult to understand how the deficit can be attributed to operations when at the same time dividends were being paid, even though the witness did state categorically that all dividends were paid from earnings. Furthermore, the testimony of the witness discloses that he measured earnings entirely from the amount of money in the bank and that dividends were paid upon the basis of bank balances, apparently without considering whether their payment impaired the amount of the original investment. Upon the entire record, we are satisfied that prior to December 31, 1910, dividends of $26,689.43 were paid in excess of the earnings of the company.

But even assuming that the amount of $26,689.43 did in fact represent an operating deficit in 1910, the result must be the same. Despite this impairment of its capital, the company continued to pay dividends and from 1910 to 1919, the amounts so paid were in

excess of the alleged deficit. It was the duty of the company to apply its earnings to the repairment of its capital before any amount should be paid in dividends to its stockholders. To the extent that dividends are paid in excess of profits and gains to the date of such dividends, they represent impairment of the original capital of the corporation by a distribution thereof to its stockholders; a return to them, not of earnings, but of a part of the amount invested in the business and the amount originally paid in must be reduced by the amount so returned to the stockholders.

The taxpayer further alleged that its invested capital was improperly reduced by a pro rata portion of the income and profits taxes of the prior year. The determination of this issue is controlled by the decision of the Board in *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

The determination of the Commissioner must be affirmed.

*Decision will be entered accordingly.*